# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

|  |  |  |
|---|---|---|
| APRIL D CALHOUN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:17-CV-153 (LJA) |
| | : | |
| WILLIE E LOCKETTE, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Before the Court are Plaintiff April Calhoun's Motion for Preliminary Certification of Class Action, Doc. 1-3, Plaintiff's Motion for Preliminary Injunction, Doc. 1-4, Defendants' Motion to Stay Discovery, Doc. 5, and Defendants' Motion to Stay Issuance of the Scheduling Order, Doc. 10.

For the reasons stated below: Plaintiff's Motion for Preliminary Certification of Class Action, Doc. 1-3, is **DENIED**; Plaintiff's Motion for Preliminary Injunction, Doc. 1-4, is **DENIED**; and Defendants' Motion to Stay Discovery and Motion to Stay Issuance of the Scheduling Order, Docs. 5 & 10 are **GRANTED**.

## BACKGROUND

This action was originally filed in the Superior Court of Dougherty County and was removed to this Court by Defendants. Doc. 1 at 1. Plaintiff alleges that she was incarcerated as a pretrial detainee in the custody of Defendant Sheriff Sproul, the Sheriff of Dougherty County, on April 22, 2017. Doc. 1-2 at 3. Plaintiff alleges that her Fourth and Sixth Amendment and due process rights under the federal Constitution and her rights under the Georgia Constitution were violated because: (1) from the date of her arrest through the date of filing this action, Plaintiff had no bond set nor was she afforded a bond hearing; (2) "other than a first appearance . . . [Plaintiff] has had no court appearance [ ] since the date of her arrest, including any court of inquiry (also referred to as a 'preliminary hearing' or a 'probably

cause hearing') pursuant to O.C.G.A. §§ 17-7-20, *et seq.*;" (3) Plaintiff applied for appointed counsel but "has not had any visits from or communications from any attorney;" (4) Plaintiff requested "a bond hearing or other court hearing since her arrest by asking employees of Defendant Sproul, but was informed . . . that they [cannot] do so, but that any request for a bond hearing or other hearing must come from an attorney;" (5) the magistrates of Dougherty County follow the policy of Defendant State Court Judge Darrisaw "in regards to setting bonds and setting hearings for a court of inquiry (committal hearings);" (6) Defendant Darrisaw has a policy "of refusing to set bonds for pretrial detainees on warrants which charge certain felonies, as in this case, even though they are authorized by law, O.C.G.A. § 17-6-1, to do so;" (7) Defendant Darrisaw has a policy "of refusing to set dates for courts of inquiry, also known as committal hearings or probable cause hearings, pursuant to O.C.G.A. § 17-7-20, *et seq.*, unless requested to do so by an attorney at law," resulting in the "jailing for weeks and sometimes months of persons who are wholly innocent of the offense, or against him there is no evidence sufficient to establish probable cause to detain them . . . pending a grand jury presentment;" (8) "there is no procedure . . . to obtain a hearing for either setting a bond, reducing a bond, or setting a court of inquiry" without an attorney request; (9) "[w]hen committal hearings are afforded, they have frequently been conducted in derogation of Due Process of Law and in derogation of O.C.G.A. § 17-7-28, by [ ] Defendant Darrisaw;" and (10) Defendant Darrisaw has "refused" to allow criminal defendants "to subpoena witnesses and evidence, . . . present live testimony, . . . and ha[s] bound over [criminal] defendants based on the hearsay testimony of persons . . . whom the court refused to allow the accused to call to the witness stand." Doc. 1-2 at 3-7.

Plaintiff asserts that Defendants Superior Court Judge Lockette and Sproul are "not alleged to have committed any transgressions in regard to [Plaintiff]," but were named to "allow the class to obtain full relief." Doc. 1-2 at 7-8. Plaintiff seeks a "writ of prohibition," a "writ of mandamus," an "order supervising inferior court," both "preliminary and permanent" injunctive relief, and the release of Plaintiff and the proposed class members from jail. Doc. 1-2 at 9-10.

## DISCUSSION

### I. Motion for Preliminary Class Certification

The Court first notes that Plaintiff relies on her Motion for Class Certification that she filed in state Superior Court—referencing only Georgia law. This Court, however, will apply federal law. "Federal Rule of Civil Procedure 23 governs class actions." *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1307 (11th Cir. 2008). To represent a class, Plaintiff must establish that:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). "These four requirements are commonly referred to as numerosity, commonality, typicality, and adequacy of representation. Once the Rule 23(a) requirements are met, parties seeking to represent a class must establish at least one of the[ ] three requirements [of] Rule 23(b)," *Mills*, 511 F.3d at 1307-08, specifically:

> (1) prosecuting separate actions by or against individual class members would create a risk of:
> > (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
> > (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23(b). Plaintiff bears the burden of establishing that the Rule 23 requirements have been met. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

Here, Plaintiff seeks a class "composed of all present and future pretrial detainees in custody of Defendant Sproul in the Dougherty County, Georgia, jail facility." Doc. 1-3. As to the Rule 23(a) requirements, Plaintiff makes no argument, but appears to stand on her Complaint, reciting that the requirements for class certification, albeit stated in terms of Georgia law, have been met. *See* Doc. 1-3. Assuming for argument's sake that this is proper, Plaintiff does not satisfy the requirements of Rule 23(a). Plaintiff satisfies the impracticability requirement of Rule 23(a)(1); however, her allegations do not satisfy the other three requirements. Specifically, Plaintiff does not show that there are questions of law or fact common to the class because the Complaint makes clear that: not all pretrial detainees are deprived of the hearings Plaintiff seeks; not all pretrial detainees have the same felony charges that precipitated the denial of bond; and not all pretrial detainees lack appointed counsel. Thus, Plaintiff has not satisfied Rule 23(a)(2). The Complaint further makes clear that Plaintiff's claims are not typical of those in the class. Some members of the proposed class were given committal hearings while Plaintiff was not. Furthermore, Plaintiff's individual claims are not applicable to those proposed class members that were purportedly deprived of rights under Georgia law at said committal hearings. Thus, Plaintiff has not satisfied Rule 23(a)(3). Plaintiff also has not demonstrated that her situation was or is sufficiently similar to those of the members of the class she seeks to represent such that she can fairly and adequately protect the class' interests. The broad class of all pretrial detainees in the Dougherty County Jail encompasses a wide variety of individualized circumstances, and Plaintiff has made no attempt to explain how or why she is uniquely situated to represent all of those individualized circumstances. Thus, Plaintiff has not satisfied Rule 23(a)(4). Accordingly, preliminary class certification is not appropriate.

## II.    Motion for Preliminary Injunction

Plaintiff presents no argument in her Motion for Preliminary Injunction, Doc. 1-4. From the face of the Complaint, however, Plaintiff has not met the required elements for a preliminary injunction. To obtain a preliminary injunction, the moving party must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction is issued; (3) the threatened injury to the moving party outweighs

whatever damage the proposed injunction might cause the non-moving party; and (4) if issued, the injunction would not be adverse to the public interest." *Lebron v. Sec'y, Florida Dep't of Children & Families*, 710 F.3d 1202, 1206 (11th Cir. 2013) (citation omitted). Here, Plaintiff does not present claims against two of three named Defendants. Further, much of the relief sought is not within this Court's power. For example, Plaintiff seeks a writ of mandamus against Defendant Judge Darrisaw. However, "[a] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties." *Johnson v. Georgia*, 661 F. App'x 578, 581 (11th Cir. 2016) (citation and punctuation omitted). Finally, it is not apparent that irreparable injury will be suffered unless an injunction is issued. Thus, a preliminary injunction is not appropriate.

### III. Motions to Stay

Given that the Court declines to certify Plaintiff's proposed class and given the deficiencies in Plaintiff's Complaint noted above, a stay of both discovery and the issuance of the Court's scheduling order is appropriate. A district court has broad discretion in regulating discovery. *See Moore v. Potter*, 141 F. App'x 803, 808 (11th Cir. 2005) (holding that "district court did not abuse its broad discretion" when entering stay of discovery to resolve motion to dismiss). The Eleventh Circuit has instructed that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). "A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule 12(b)(6) motion to dismiss." *U.S. v. Wood*, 925 F.2d 1580, 1581 (11th Cir. 1991).

"To determine whether a stay is appropriate a district court 'must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.'" *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 WL 4544470, at *1 (M.D. Ga. Oct. 10, 2008) (quoting *Fedlman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). "In making this determination it may be helpful for the court to take a 'preliminary peek' at the merits of the dispositive motion to assess the likelihood that such motion will be granted." *Id.*

Here, Defendants have moved for judgment on the pleadings "challenging Plaintiff's standing, raising sovereign immunity with respect to some claims, and challenging the sufficiency of the Complaint." Doc. 5 at 2; Docs. 3 & 4. Based on the Court's preliminary review of the Complaint and the briefing submitted in connection with the Motions for judgment on the pleadings, a stay is appropriate as there may be valid defenses that would limit the scope of the Complaint. By staying discovery until the Motions for judgment on the pleadings are ruled upon, the parties will benefit by avoiding unnecessary discovery. The resulting harm is minimal when compared to that benefit.

## CONCLUSION

Accordingly, Plaintiff's Motion for Preliminary Certification of Class Action, Doc. 1-3, is **DENIED**; Plaintiff's Motion for Preliminary Injunction, Doc. 1-4, is **DENIED**; and Defendants' Motion to Stay Discovery and Motion to Stay Issuance of the Scheduling Order, Docs. 5 & 10 are **GRANTED**. Discovery and the issuance of the scheduling order in the instant action are **STAYED** pending the Court's ruling on Defendants' Motions for Judgment on the Pleadings, Docs. 3 & 4.


**SO ORDERED**, this 28th day of November, 2017.


         /s/ Leslie J. Abrams
**LESLIE J. ABRAMS, JUDGE**
**UNITED STATES DISTRICT COURT**