IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| APRIL D CALHOUN, | : | |
|---|---|---|
| Plaintiff, | : | |
| v. | : | CASE NO.: 1:17-CV-153 (LJA) |
| WILLIE E LOCKETTE, *et al.*, | : | |
| Defendants. | : | |

## ORDER

Before the Court are Defendants' Motions for Judgment on the Pleadings, Docs. 3 & 4. For the reasons stated below, the Motions are **GRANTED**.

## BACKGROUND

This action was originally filed against Defendants in their official and individual capacities in the Superior Court of Dougherty County and was removed to this Court by Defendants. Doc. 1 at 1. Plaintiff alleges that on April 22, 2017, she was incarcerated as a pretrial detainee in the custody of Defendant Sheriff Sproul, the Sheriff of Dougherty County. Doc. 1-2 at 3. On November 28, 2017, the Court denied Plaintiff's Motion for Preliminary Certification of Class Action, Doc. 1-3, and Plaintiff's Motion for Preliminary Injunction, Doc. 1-4, and stayed the case pending the Court's ruling on Defendants' Motions for Judgment on the Pleadings. *See* Doc. 15.

## LEGAL STANDARD

"A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule 12(b)(6) motion to dismiss." *U.S. v. Wood*, 925 F.2d 1580, 1581 (11th Cir. 1991). Rule 12(b)(6) requires that the complaint plead enough facts to state a claim for relief that is plausible—not just conceivable—on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs," it is not required "to accept the labels and legal conclusions in the complaint as true." *Edwards v. Prime,*

*Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). At bottom, "the factual allegations in the complaint must possess enough heft to set forth a plausible entitlement to relief." *Edwards*, 602 F.3d at 1291 (punctuation omitted). Thus, "[i]f upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint." *Cone Fin. Grp., Inc. v. Emp'rs Ins. Co. of Wausau*, 476 F. App'x 834, 836 (11th Cir. 2012) (quoting *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002)).

## FACTUAL ALLEGATIONS

Plaintiff's Complaint, pursuant to 42 U.S.C. §§ 1983 and 1988 and Georgia law, alleges that her Fourth and Sixth Amendment and due process rights under the federal Constitution and her rights under the Georgia Constitution were violated because: (1) from the date of her arrest through the date of filing this action, Plaintiff had no bond set nor was she afforded a bond hearing; (2) "other than a first appearance [before a magistrate judge] . . . [Plaintiff] has had no court appearance [ ] since the date of her arrest, including any court of inquiry (also referred to as a 'preliminary hearing' or a 'probably [*sic*] cause hearing') pursuant to O.C.G.A. §§ 17-7-20, *et seq.*;" (3) Plaintiff applied for appointed counsel but "has not had any visits from or communications from any attorney;" (4) Plaintiff requested "a bond hearing or other court hearing since her arrest by asking employees of Defendant Sproul, but was informed . . . that they [cannot] do so, but that any request for a bond hearing or other hearing must come from an attorney;" (5) the magistrates of Dougherty County follow the policy of Defendant State Court Judge Darrisaw "in regards to setting bonds and setting hearings for a court of inquiry (committal hearings);" (6) Defendant Darrisaw has a policy "of refusing to set bonds for pretrial detainees on warrants which charge certain felonies, as in this case, even though they are authorized by law, O.C.G.A. § 17-6-1, to do so;" (7) Defendant Darrisaw has a policy "of refusing to set dates for courts of inquiry, also known as committal hearings or probable cause hearings, pursuant to O.C.G.A. § 17-7-20, *et seq.*, unless requested to do so by an attorney at law," resulting in the "jailing for weeks and sometimes months of persons who are wholly

2

innocent of the offense, or against him there is no evidence sufficient to establish probable cause to detain them . . . pending a grand jury presentment;" and (8) "there is no procedure . . . to obtain a hearing for either setting a bond, reducing a bond, or setting a court of inquiry" without an attorney request. Doc. 1-2 at 3-7. Plaintiff seeks a "writ of prohibition," a "writ of mandamus," an "order supervising inferior court," declaratory relief, attorney's fees, and Plaintiff's release from jail.[1] Doc. 1-2 at 9-10.

## DISCUSSION

### I. Federal Claims

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived her of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). Here, assuming for argument's sake that Plaintiff can state a § 1983 under the *Hale* standard, Plaintiff is not entitled to the relief sought against the Defendants she has sued.

As an initial matter, Plaintiff requests to be released from jail; however, Plaintiff cannot obtain a dismissal of pending charges or speedier release through a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 487, 489 (1973). "[H]*abeas corpus* is the exclusive remedy for a state prisoner who challenges the fact or duration of [her] confinement and seeks immediate or speedier release[.]" *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Thus, Plaintiff cannot challenge her current confinement through this § 1983 action, and any claims that challenge her confinement are dismissed.

#### a. Defendants Lockette and Sproul

The Complaint alleges that Defendants Superior Court Judge Lockette and Sherriff Sproul are "not alleged to have committed any transgressions in regard to [Plaintiff]," but were named "to obtain full relief." Doc. 1-2 at 7-8. Plaintiff does not state what specific relief is

---

[1] The Complaint also alleges that: "When committal hearings are afforded, they have frequently been conducted in derogation of Due Process of Law and in derogation of O.C.G.A. § 17-7-28, by [ ] Defendant Darrisaw;" and Defendant Darrisaw has "refused" to allow criminal defendants "to subpoena witnesses and evidence, . . . present live testimony, . . . and ha[s] bound over [criminal] defendants based on the hearsay testimony of persons . . . whom the court refused to allow the accused to call to the witness stand." Doc. 1-2 at 3-7. There is no allegation, however, that any of this happened in Plaintiff's case.

3

sought or why these parties are necessary to obtain it. As Plaintiff has not stated a federal claim against Lockette and Sproul, either in their individual or official capacities, those Defendants are **DISMISSED** from this action. Even if Plaintiff had stated a basis for her claims against Sproul and Lockette, for the same reasons Plaintiff cannot state a claim upon which relief may be granted against Defendant Darrisaw as stated below, Plaintiff would fail to state a claim against Defendants Lockette and Sproul.

### b. Defendant Darrisaw

The Complaint seeks prospective equitable relief against Darrisaw in both her official and individual capacities. "Claims seeking prospective equitable relief from a state agent performing official duties are considered official-capacity claims." *Common Cause v. Kemp*, 243 F. Supp. 3d 1315, 1318 (N.D. Ga. 2017); *see Wu v. Thomas*, 863 F.2d 1543, 1550 (11th Cir. 1989). Thus, Plaintiff has failed to state a claim for prospective equitable relief against Darrisaw in her individual capacity. Moreover, among the relief sought, the Complaint requests a writ of mandamus and writ of prohibition against Defendant Darrisaw. However, "[a] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties." *Johnson v. Georgia*, 661 F. App'x 578, 581 (11th Cir. 2016) (citation and punctuation omitted). Thus, to the extent that Plaintiff is seeking writs of mandamus or prohibition against Defendant Darrisaw or Defendant Lockette, she has failed to state a claim for which relief can be granted.

Furthermore, "[j]udges are entitled to absolute judicial immunity from damages under [§] 1983 for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *McBrearty v. Koji*, 348 F. App'x 437, 439 (11th Cir. 2009). "[J]udicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity," however. *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984); *Wells v. Miller*, 652 F. App'x 874, 875 (11th Cir. 2016) ("State judges are not immune from declaratory relief in a § 1983 action."), *cert. denied,* 137 S. Ct. 660 (2017). "Section 1983 provides, [ ] that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." *Sibley v. U.S. Supreme Court*, 136 F. App'x 252, 254 (11th

4

Cir. 2005) (citations and punctuation omitted); 42 U.S.C. 1983. Further, "a plaintiff seeking injunctive relief on the basis of [§] 1983 must demonstrate the absence of an adequate remedy at law." *Chandler v. James*, 180 F.3d 1254, 1276 n.25 (11th Cir. 1999), *cert. granted, judgment vacated sub nom. Chandler v. Siegelman*, 530 U.S. 1256 (2000), *and opinion reinstated sub nom. Chandler v. Siegelman*, 230 F.3d 1313 (11th Cir. 2000). Here, the Complaint does not allege that Darrisaw has violated a declaratory decree or that declaratory relief is unavailable. Likewise, the Complaint does not allege that Plaintiff lacks an adequate remedy at law. Plaintiff has not alleged that she is precluded from pursuing an interlocutory appeal with regard to the denial of bond or the refusal to set a commitment hearing. O.C.G.A. § 5-6-34(b). Nor has she alleged that, for some reason, she is unable to file a state *habeas* petition challenging her continued confinement. O.C.G.A. § 9-14-1; *Banks v. Waldrop*, 531 S.E.2d 708, 708 (Ga. 2000). Thus, Plaintiff has not stated a claim for injunctive relief against Darrisaw in her official capacity. The Court now turns to the availability of declaratory relief.

To obtain declaratory relief, a Plaintiff must show: "(1) that there was a violation; (2) that there is a serious risk of continuing irreparable injury if relief is not granted; and (3) the absence of an adequate remedy at law. Appealing a judge's ruling or seeking the extraordinary writ of mandamus both constitute adequate remedies at law." *Wells*, 652 F. App'x at 875. Plaintiff appears to seek a declaration from the Court that the federal Constitution entitles Plaintiff (1) to a separate bond hearing after she was denied bond at her initial appearance and (2) to a bond regardless of the circumstances of her offense.[2] The federal Constitution does not guarantee a right to bail. *See Campbell v. Johnson*, 586 F.3d 835, 842 (11th Cir. 2009).

Assuming for argument's sake that Plaintiff has properly alleged a violation under the federal Constitution and that there is serious risk of irreparable injury to Plaintiff without the issuance of declaratory relief from the Court, as noted above, Plaintiff has not alleged the inadequacy of her remedies at law. Thus, the Complaint fails to state a claim upon which relief may be granted under federal law. As a result, Plaintiff cannot be a "prevailing party" for purposes of 42 U.S.C. § 1988, and her claim for attorney's fees under that Section also fails.

---

[2] The Complaint requests other declaratory relief relating to how such a committal hearing should be conducted pursuant to Georgia law; however, because Plaintiff has not stated a claim for which relief can be granted as to the hearing, the Court need not address this secondary question.

5

## II. State Claims

As Plaintiff has failed to state a claim upon which relief may be granted against Defendants under federal law, the Court declines to exercise jurisdiction over her state law claims. "When district courts dismiss all claims independently qualifying for the exercise of federal jurisdiction, they ordinarily dismiss as well all related state claims." *Artis v. D.C.*, 2018 WL 491524, at *3 (U.S. Jan. 22, 2018); *Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 531 (11th Cir. 2015). Plaintiff is not without a remedy, however. She may re-file her state claims or pursue available legal remedies in state court where appropriate.

Furthermore, federal courts are precluded from enjoining state officials for violations of state law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984). Thus, Plaintiff is not entitled to the relief she seeks for these claims in this forum.

## CONCLUSION

Accordingly, Defendants' Motions for Judgment on the Pleadings, Docs. 3 & 4, are **GRANTED**. Plaintiff's Complaint, Doc. 1-2, is **DISMISSED**.

**SO ORDERED**, this 7th day of March, 2018.

/s/ Leslie J. Abrams
**LESLIE J. ABRAMS, JUDGE**
**UNITED STATES DISTRICT COURT**